# In the United States Court of Federal Claims

No. 22-1888C

(Filed: December 29, 2023)

|  |  |
|---|---|
| **FEDERAL REALTY PARTNERS, LP,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) ) |

*Thomas S. Onder*, Stark & Stark, PC, Lawrenceville, NJ, for Plaintiffs. With him on the briefs was *Marshall T. Kizner*.

*Joseph Alan Pixley*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia McCarthy*, Director, and *L. Misha Preheim*, Assistant Director; and *Wendy A. Harris*, Commercial and Appellate Division, United States Postal Service.

### SANCTIONS ORDER

On March 17, 2023, this Court issued an order for Plaintiff, Federal Realty Partners, LP ("FRP"), to show cause why it should not be sanctioned for filing a frivolous motion seeking injunctive relief in a Contract Disputes Act case. ECF No. 10 ("show cause order"). In response, FRP withdrew its motion. ECF No. 12. FRP's counsel implicitly acknowledged that the argument was frivolous. Indeed, he promised not to make it again, either in this case or any other. ECF No. 13 at 2 ("Plaintiff shall not repeat such a motion either in this case or any other case before the Court of Federal Claims with similarly situated facts."). This Court was prepared to let the matter go, on the assumption that FRP's counsel had seen the light and would actually do some basic legal research before making assertions to this Court going forward (at least in this case). Then, the very same argument that prompted this Court's show cause order popped up again in an FRP filing. *See* ECF No. 24 at 3-4. Obviously, the Court's message hasn't yet been received, but hopefully this time it will get through. For the reasons explained below,

and pursuant to Rule 11 of the Rules of the United States Court of Federal Claims ("RCFC"), FRP and its counsel must pay a price for wasting the government's and this Court's time.

## I. PROCEDURAL BACKGROUND

On December 22, 2022, Plaintiff, Federal Realty Partners, LP, filed its initial complaint in this Court. ECF No. 1. The initial complaint contained various counts for relief related to the government's lease of commercial space within a shopping center, pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101, *et seq.* ECF No. 1, ¶¶ 3, 7. On March 16, 2023, Plaintiff filed a motion for an order to evict the government due to the expiration of the lease or, in the alternative, to transfer the case to another court of competent jurisdiction.[1] ECF No. 9 at 9 (asserting that "the state court, which has its own eviction proceedings, is the proper court to transfer the matter").

After reviewing FRP's motion, this Court issued an order, instructing FRP "to **SHOW CAUSE** why it should not be sanctioned pursuant to [RCFC] 11." ECF No. 10 at 1. Therein, the Court instructed FRP to "explain its reasonable basis for arguing":

1. that this Court may order specific performance of a lease and/or issue an injunction in a CDA case, brought pursuant to 28 U.S.C. § 1491(a). *See Sergent's Mech. Sys., Inc. v. United States*, 155 Fed. Cl. 146, 148 (explaining that "the plain language of [28 U.S.C.] § 1491(a)(2) does not authorize this Court to issue injunctive relief in CDA cases and particularly not preliminary injunctive relief" and describing the plaintiff's motion for such as "all but frivolous"), *recon. denied*, 157 Fed. Cl. 41 (2021);

2. that decisions addressing this Court's injunctive relief powers contained in 28 U.S.C. § 1491(b) may be applied to the CDA claims at issue here;

3. that this Court may order any relief at all at this stage of a CDA case pursuant to 28 U.S.C. § 1491(a) — *i.e.*, prior to the government's even answering the complaint, prior to any discovery, and absent a favorable judgment following either summary judgment or trial;

4. that any issue raised in Plaintiff's complaint or motion may be properly decided in a state court; and

5. that this Court has the power to transfer any aspect of this case to a state court, *see Skillo v. United States*, 68 Fed. Cl. 734, 746 n.16 (2005) ("This court and numerous others have held that [28 U.S.C.] § 1631 does not include various quasi-judicial administrative fora *or state courts.*"

---

[1] The motion alternatively requested that the Court transfer the case to "ANOTEHR [sic] COURT OF COMPONTENT [sic] JURISDICATION [sic]." ECF No. 9 at i.

2

>   (emphasis added)); *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 168 (2009) ("This court is unable to transfer any case to the state court system, as no state court falls within the definition in [28 U.S.C.] § 610.").

ECF No. 10 at 1-2. The show cause order required FRP to "cite and discuss binding authority from either the United States Supreme Court or our immediate appellate court, the United States Court of Appeals for the Federal Circuit" to support "each and every issue the Court has identified." *Id.* at 2. Moreover, if FRP were "unable to locate any such binding authorities to support the propositions that Plaintiff argued in its motion and that the Court has summarized, then Plaintiff shall so state." *Id.*

On March 22, 2023, FRP filed a motion to withdraw its motion to evict the government from the leased premises at issue, which had prompted the show cause order. ECF No. 12. That same day, this Court granted FRP's motion to withdraw the problematic filing, but nevertheless ordered that FRP "shall comply with this Court's ORDER that Plaintiff must SHOW CAUSE why it should not be sanctioned under Rule 11 of the RCFC." Docket Order, March 22, 2023.

On March 27, 2023, FRP filed its response to the show cause order. ECF No. 13. In that response, FRP's counsel acknowledged his error and took responsibility for it, explaining as follows:

>   Plaintiff's counsel believed that, based upon the case law cited in its motion, an argument could be made that the equitable relief sought was incidental to and collateral to Plaintiff's claim for money damages. Upon review of the case law cited by the Court, as well as additional research, Plaintiff's counsel acknowledges that this was incorrect.
>
>   . . .
>
>   *After review of the case law cited by the Court*, Plaintiff's counsel understands that the requested relief in Plaintiff's filed motion would not be appropriate.

ECF No. 13 at 2 (emphasis added). Plaintiff's counsel specifically committed not to repeat the error: "Plaintiff shall not repeat such a motion either in this case or any other case before the Court of Federal Claims with similarly situated facts." *Id.*

With respect to *all* of the erroneous arguments or propositions the Court identified in its show cause order that FRP was required to address, FRP responded that "Plaintiff's research has not uncovered any binding authority" to support them. ECF No. 13 at 3-5. In so doing, FRP specifically admitted that: (1) "Plaintiff's research has not uncovered any binding authority supporting the issuance of an [o]rder for specific performance or

3

injunctive relief in a CDA case under 28 U.S.C. § 1491"; (2) "[t]his Court may not issue an order for specific performance of the lease and or issue an injunction in a CDA case"; and (3) "Plaintiff's research has not uncovered any binding authority supporting the proposition that this Court can use the injunctive relief powers accorded it under 28 U.S.C. § 1491(b) to the CDA claims pled in this action[.]" *Id.* (asserting that FRP confessed its errors "[a]fter further review of the case law cited by the Court in its Order to Show Cause").

On May 22, 2023, the government filed a motion to dismiss FRP's complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).  ECF No. 16.  That motion was rendered moot, however, when FRP filed its amended complaint on June 13, 2023.[2]  ECF No. 17. The amended complaint contains a single claim (for breach of contract) and requests that:

> judgment be entered against Defendant in the amount of Seventy-One Thousand Fifteen and 74/100 Dollars ($71,015.74) for unpaid real estate taxes, [common area maintenance] charges, operating expenses and other costs, plus interest, damages, additional rent and attorneys' fees and costs, damages caused by Plaintiff's inability to provide the Premises to its new tenant, and such other and further relief as this Court deems necessary and just.

*Id.* at 5.

The government filed its answer to the amended complaint on June 27, 2023, ECF No. 18, and the parties filed a joint preliminary status report on August 15, 2023, ECF No. 19.  On August 18, 2023, this Court issued a scheduling order, setting discovery to close on May 15, 2024.  ECF No. 20.

On September 19, 2023, FRP filed a motion for partial summary judgment as to liability.  ECF No. 21.  On October 27, 2023, the government filed a cross-motion for summary judgment and response to FRP's motion.  ECF No. 23.  On November 22, 2023, FRP filed its response and reply brief.  ECF No. 24.  The government filed its reply brief on December 8, 2023.  ECF No. 27.  The cross-motions are now fully briefed.

---

[2] This Court did not previously enter an order denying that motion as moot, but we will do so now.  The government's pending motion to dismiss is hereby **DENIED** as **MOOT**.

4

## II.  FRP AND ITS COUNSEL VIOLATED RULE 11 AND THEIR PREVIOUS COMMITMENT TO THIS COURT

In reviewing the parties' respective motions and supporting briefs, the Court was gobsmacked to see the following argument in FRP's response and reply brief, ECF No. 24 — an argument which this Court quotes in its entirety:

> In addition to Plaintiff's claim for monetary relief, Plaintiff also seeks relief to compel Defendant to vacate the premises. While the Court of Federal Claims generally does not provide litigants with nonmonetary relief, there are certain exceptions that have been recognized. *Sergent's Mech. Sys. v. United States*, 157 Fed. Cl. 41, 48 (2021). Where equitable relief is "an incident of and collateral to" a money judgment, a court may issue such relief. *Ibid. See also Anderson v. United States*, 59 Fed. Cl. 451, 456 (2004) ("The Court possesses limited authority to award equitable relief only when such an award would be ancillary to an affirmative obligation of the federal government to pay money damages.").
>
> In the instant matter, Plaintiff's relief cannot be complete until Defendant is ordered to vacate the premises. Even if Plaintiff receives all monetary damages it is entitled to, such relief is meaningless because Plaintiff will still not have control of the premises. Rather, to place Plaintiff in a position it would have been in if the contract had not been breached, i.e., if Defendant had vacated the premises accordingly, Plaintiff needs the Court to issue nonmonetary relief in the form of an order requiring Defendant vacate the premises. Therefore, Plaintiff has also established a right to obtain non-monetary relief in this matter. As a result, Plaintiff respectfully requests the Court deny Defendant's cross-motion for summary judgment and invoke its equitable powers to order Defendant to vacate the premises within thirty (30) days.

ECF No. 24 at 3-4.

At this point, anyone who has been paying the slightest bit of attention can see this is not going to go well. Indeed, the government successfully predicted this Court's displeasure, correctly observing that "notwithstanding an earlier *admonition* from the Court *on this very issue*, *see* ECF No. 10, Federal Realty again argues for declaratory relief that 'seeks . . . to compel [d]efendant to vacate the premises[.]'" ECF No. 27 at 3 (emphasis

added) (alteration in original).  The government is generous in its characterization.  FRP does not seek mere declaratory relief; rather, an order "to compel" government action constitutes an injunction. *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 358 (Fed. Cir. 1992) ("[A]n injunction is an order requiring a party to do or refrain from doing something that is an integral part of the very matter in litigation. . . ." (quoting *NTN Bearing Corp. of Am. v. United States*, 892 F.2d 1004, 1005 (Fed. Cir. 1989))); *see generally IAP Worldwide Services, Inc. v. United States,* 160 Fed. Cl. 57, 66-69 (2022) (discussing injunctions).

At the outset, the Court agrees with the government that "Federal Realty's request for non-monetary relief is a new argument that it failed to raise in amended complaint or in its opening brief, *see* ECF No. 21, and is waived."  ECF No. 27 at 3 (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

But that is a minor problem for FRP.  The far more significant one arises from the concerns addressed by "Hanlon's razor," which sagely advises that one should "[n]ever attribute to malice that which can be adequately explained by incompetence."  *Akkawi v. Sadr*, 2023 WL 8647288, at *5 n. 3 (E.D. Cal. Dec. 14, 2023); *see also Raila v. Cook Cty. Officers Electoral Bd.*, 2021 WL 5179913 at *1 (N.D. Ill. Nov. 8, 2021) ("An adage known as 'Hanlon's Razor' says, in its most polite form, that we should not infer malice from conduct that can be adequately attributed to incompetence." (quoted in *Hollis v. CEVA Logistics U.S., Inc.*, 603 F.Supp.3d 611, 624 (N.D. Ill. 2022))).  In this case, FRP's renewed request for "nonmonetary relief in the form of an order requiring Defendant [to] vacate the premises," ECF No. 24 at 4, triggers both of Hanlon's concerns.  That is particularly true given, as the government noted, this Court's "earlier admonition."  ECF No. 27 at 3.

Indeed, following the Court's show cause order and FRP's own admission of wrongdoing, FRP needed no further notice of this Court's inclination to issue sanctions for its frivolous request for injunctive relief.  Any prudent attorney would have been vigilant to keep far away from repeating a frivolous argument for which a show cause order had already been issued.  The best that can be said for FRP's counsel, therefore, is that he did not read his own briefs.  The only reason the Court does not infer malice is that FRP's argument is so remarkably without foundation that the Court has a hard time believing that FRP actually tried to persuade or mislead the Court into issuing the injunctive relief sought.  But just which bad reason best explains FRP's attempt to recycle this argument this Court need not decide.  In either case, sanctions are not merely appropriate; rather, the Court would be shirking its duty to the public at large were it to overlook FRP's (and/or its counsel's) conduct.

Although FRP's response to the show cause order is sufficient to show that FRP's repeated requests for nonmonetary relief have no reasonable basis in law — FRP already has admitted such — the Court writes further to address the two cases FRP cites in its

response brief.  *See* ECF No. 24 at 3 (citing *Sergent's Mechanical,* 157 Fed. Cl. 41, and *Anderson*, 59 Fed. Cl. 451).

FRP cites *Sergent's Mechanical* for the proposition that there are certain exceptions to the general rule that this Court cannot issue injunctive relief in a CDA case.  But *Sergent's* is one of the very cases this Court required FRP to address in its response to the show cause order, *see* ECF No. 10 at 1, and regarding which FRP admitted its "research has not uncovered any binding authority supporting the issuance of an [o]rder for specific performance or injunctive relief in a CDA case under 28 U.S.C. § 1491[.]"  ECF No. 13 at 3.  Indeed, in the first *Sergent's Mechanical* opinion cited in the Court's show cause order, the undersigned explained that "the plain language of § 1491(a)(2) does not authorize this Court to issue injunctive relief in CDA cases."  *Sergent's Mechanical,* 155 Fed. Cl. at 148.  In the *Sergent's Mechanical* reconsideration opinion that FRP cites in its reply brief, ECF No. 24 at 3, this Court further noted that "[t]he law," in that regard, "is well-settled."  *Sergent's Mechanical*, 157 Fed. Cl. at 50 (citing Vernon J. Edwards, *Postscript I: Breach of Loss of the Fair Opportunity to Compete*, 20 No. 12 Nash & Cibinic Rep. ¶ 59 (2006) ("[U]nder the CDA, a board or court cannot . . . issue a temporary restraining order, or provide injunctive relief."), *quoted in Vanquish Worldwide, LLC v. United States*, 147 Fed. Cl. 390, 398 (2020); *Digital Techs., Inc. v. United States*, 89 Fed. Cl. 711, 728 (2009); and *BLR Grp. of Am., Inc. v. United States*, 84 Fed. Cl. 634, 647 (2008)); *see also* 157 Fed. Cl. at 50 n.7 (cataloging cases in support of the proposition that "that the boards of contract appeals take the same view of the CDA").

Nor does *Anderson* help FRP in the slightest.  In that case, the government argued that this Court lacked jurisdiction over the plaintiff's complaint at issue because it sought monetary damages in equity, unrelated to any money-mandating statute.  59 Fed. Cl. at 456.  Judge Lettow began by noting that while this Court "lacks general authority to grant relief, monetary or otherwise, on purely equitable grounds," this Court *does* "possess limited authority to award equitable relief" — but "only when such an award would be ancillary to an affirmative obligation of the federal government to pay money damages[.]"  *Id.*  Ultimately, Judge Lettow entirely rejected the government's argument, concluding that the plaintiff "invoked the Military Pay Act, 37 U.S.C. § 204, as the basis for his claim," which "has been held to be a money-mandating statute sufficient to confer jurisdiction upon this Court."  *Id.* at 456–57.  Thus, *Anderson*'s exceedingly brief and generic summary of the scope of this Court's equitable relief powers had nothing whatsoever to do with that case's holding, and provides no support for FRP's equitable relief request in this CDA case.

Here is the relevant law that appears to govern this case: when the government, in its role as a lessee, holds over after the expiration of the lease term and fails to vacate the property, it "can be held liable to the lessor either (i) under a contractual theory for breach of the implied duty to vacate the premises at the expiration of the lease, or (ii) under a takings theory for temporarily taking the lessor's property without just compensation."

7

*Reunion, Inc. v. United States*, 90 Fed. Cl. 576, 581 (2009) (citing *Prudential Ins. Co. of Am. v. United States*, 801 F.2d 1295, 1299-1300 n.13 (Fed. Cir. 1986)). "As a general principle, the court will consider first the lessor's breach of contract claim, and, only when a contractual remedy is unavailable, will the court consider granting relief to the lessor under a takings theory." *Stromness MPO, LLC v. United States*, 134 Fed. Cl. 219, 275 (2017); *see also Reunion*, 90 Fed. Cl. at 581 (explaining "ordinarily contractual claims take precedence and it is only when a contractual remedy is unavailable that the court will grant relief under the Takings Clause").

In any event — *i.e.*, under either a contract or takings theory — this Court cannot order the government to vacate the premises at issue. *See Podlucky v. United States*, 2021 WL 2627130, at *2 (Fed. Cl. June 21, 2021) ("Plaintiff is, essentially, asking the court to order defendant to specifically perform its obligations under the contract. But a request for specific performance is equitable in nature, and falls outside this court's jurisdiction."), *aff'd*, 2022 WL 1791065, at *1 (Fed. Cir. June 2, 2022); *Harmonia Holdings Group, LLC v. United States*, 157 Fed. Cl. 292, 301–02 (2021) ("[Plaintiff] cannot co-opt the Court's bid protest jurisdiction simply by reframing its claims as alleged violations of procurement law and requesting injunctive relief (*which is not available under the CDA*)." (emphasis added)); *Tenaska Washington Partners II, L.P. v. United States*, 34 Fed. Cl. 434, 443–44 (1995) ("[S]pecific performance is not a remedy available against the United States, because sovereign immunity has not been waived for such relief[.]"); *Pellegrini v. United States* , 103 Fed. Cl. 47, 55 (2012) ("Equitable relief is not available to enjoin an alleged taking of private property for public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) (citation omitted)).[3]

FRP's remarkably feeble attempt to resurrect its request for equitable relief following its response to this Court's show cause order is not excusable. If FRP has some creative (and viable) theory of equitable relief, FRP has entirely failed to articulate it. *Cf. 22nd Century Technologies, Inc. v. United States*, 57 F.4th 993, 1000 (Fed. Cir. 2023) (noting that "while nonmonetary claims may be asserted under the CDA, we are aware of no case authorizing an injunction under the CDA to prevent termination, as [plaintiff] has requested here" (citing § 1491(a)(2) and *Todd Const., L.P. v. United States*, 656 F.3d 1306, 1310–11 (Fed. Cir. 2011)).[4]

---

[3] *Benderson Development Co., Inc. v. U.S. Postal Service*, 998 F.2d 959, 962 (Fed. Cir. 1993) ("[T]he Postal Service is free to choose whether to exercise its power of eminent domain, either directly or inversely, or its right to breach a contract."); *Clouser v. Espy*, 42 F.3d 1522, 1539 (9th Cir. 1994) ("*Ruckelshaus* thus held that a suit for equitable relief to enjoin a taking cannot be maintained where a post-deprivation suit for damages would be available.").

[4] In *Todd Construction,* the Federal Circuit reserved a very specific question: "whether an injunction was available pursuant to the [Court of Federal Claims'] '*power to remand appropriate matters to any administrative or executive body or official* with such direction as it may deem proper

* * * *

Although FRP represented that its motion "was not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," ECF No. 13 at 2, FRP effectively conceded that its legal arguments were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," RCFC 11(b)(2).  Moreover, reviving those unwarranted arguments is egregious and worthy of sanction.  "Asserting a theory with no legal authority merits sanctions because it demonstrates a failure to conduct a reasonable inquiry into the law."  *Persyn v. United States*, 35 Fed. Cl. 708, 717 (1996) (citing *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571–72 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 892 (1988)).[5]

The Court "may impose an appropriate sanction on any attorney, law firm, or party that violated [RCFC 11(b)]."  RCFC 11(c)(1).  Such a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  RCFC 11(c)(4).  As part of such sanction, this Court may "order[] counsel to pay to the clerk a fine . . . and to reimburse the defendant[] for all attorneys' fees and expenses reasonably incurred . . . , these amounts to be determined by the court on submission of affidavits by defense counsel."  *Donaldson v. Clark*, 819 F.2d 1551, 1554 (11th Cir. 1987); *see also Mata v. Avianca, Inc.*, -- F. Supp. 3d --, 2023 WL 4114965, at *17 (S.D.N.Y., 2023) ("An attorney may be required to pay a fine, or, in the words of Rule 11, a 'penalty,' to advance the interests of deterrence and not as punishment or compensation.").[6]

With these guideposts in mind, the Court **ORDERS** Plaintiff's counsel of record: (1) to attend no less than five hours of continuing legal education ("CLE") classes covering the jurisdiction of, or practice before, the United States Court of Federal Claims,

---

and just.'" *Todd Const.,* 656 F.3d at 1311 n.3 (Fed. Cir. 2011) (emphasis added) (quoting 28 U.S.C. § 1491(a)(2)).  FRP makes no attempt to fit its equitable relief request into such remand language.

[5] *See also Multiservice Joint Venture, LLC v. United States*, 85 Fed. Cl. 106, 112 (2008) (explaining that "[t]his Court's inherent authority to enter sanctions is embodied in [RCFC 11] (requiring a reasonable inquiry into statements alleged in papers filed), RCFC 16(f) (authorizing sanctions for violations of pretrial orders), RCFC 37 (authorizing sanct ions for failure to cooperate during discovery), and 28 U.S.C. § 1927 (allowing the Court to impose costs upon any attorney who 'multiplies the proceedings in any case unreasonably and vexatiously')"), *aff'd*, 374 F. App'x 963 (Fed. Cir. 2010).

[6] *Cf. Hilgeford v. Peoples Bank, Portland, Indiana*, 110 F.R.D. 700, 702 (N.D. Ind. 1986) ("A Rule 11 fine payable to the court serves both a punitive and compensatory purpose; it penalizes a litigant who files a frivolous lawsuit, and attempts in a rough manner to compensate the taxpayers who have been forced to pay for a court's time and effort spent in disposing of the meritless suit.").

over the next year;[7] (2) to pay a penalty of $1,000 within 30 days to the Clerk of this Court, representing a conservative estimate of the costs and time this Court has spent on FRP's frivolous arguments; and (3) to pay the government's estimated costs of (a) reviewing the now-withdrawn motion that prompted the show cause order, and (b) reviewing and responding to FRP's renewed request for equitable relief in its response and reply brief, ECF No. 24.[8]

The parties' counsel of record are directed to meet-and-confer in good faith regarding the government's estimated costs and to file a joint status report on or before February 1, 2024, indicating whether they have reached an agreement on a fair and reasonable sum, or detailing their respective positions if the parties are unable to reach an agreement. In addition, FRP's counsel of record shall also certify, in the joint status report, that a copy of this Sanctions Order has been provided to FRP's cognizant in-house counsel or its senior executive supervising this litigation.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[7] *See, e.g.*, *Balthazar v. Atl. City Med. Ctr.*, 137 Fed. App'x 482, 490 (3rd Cir. 2005) (explaining that "compulsory attendance of legal education classes" is "[a]mong the sanctions contemplated by Rule 11" (citing *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987))). On or before **December 1, 2024,** Plaintiff's counsel of record shall file proof that he has completed these classes. In lieu of completing the CLEs, counsel of record for FRP may propose to the Court via status report, within 30 days of this Order, no fewer than three (3) substantial law review articles on the same subjects for self-study. Should the Court approve the list, counsel may certify in writing, within the next eleven (11) months, that the self-study has been completed (again, in lieu of the required CLE).

[8] Unless FRP instructed its counsel of record to make and/or renew the request for equitable relief, counsel for FRP shall *not* seek reimbursement from FRP for these sanctions.